**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edit Villalobos, | No. CV-20-00850-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Basis Educational Group LLC, | |
| Defendant. | |

Pending before the Court is Defendant Basis Educational Group LLC's Motion for Summary Judgment (Doc. 49). Plaintiff Edit Villalobos has filed a Response (Doc. 54),[1] and Defendant filed a Reply (Doc. 66).[2] For the following reasons the Court will deny Defendant's Motion except that the Court will grant its request to enter summary judgment in its favor for Plaintiff's punitive damages claim.

**I.    Background**

Plaintiff is a former employee of Defendant, and she alleges that she suffered from a discriminatory work environment and retaliation at the hands of her former supervisor, Ms. Elana Campbell. (Docs. 49 at 2; 54 at 2). In January 2020, Plaintiff filed a complaint

---

[1] Plaintiff requested oral argument on this matter. The Court finds that the issues have been fully briefed and oral argument will not aid the Court's decision. Therefore, the Court will deny the request for oral argument. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv 7.2(f) (same).

[2] Defendant has moved to strike Plaintiff's Exhibits J, K, L, M, Q, and R. (Doc. 66 at 3). The Court denies this request because these exhibits are not necessary for the resolution of the Motion for Summary Judgment. Defendant may renew the motion to strike at a later date.

with Defendant's human resources department. (Docs. 49 at 2; 54 at 7). Plaintiff alleges that Ms. Campbell made multiple racially discriminatory statements against Plaintiff herself and others. (Doc. 1 at 1–7). Defendant investigated the matter but took no remedial action, and Plaintiff resigned. (Docs. 49 at 2; 54 at 9). This action followed. Defendant now seeks summary judgment on all of Plaintiff's claims.

## II.     Legal Standard

A court will grant summary judgment if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A factual dispute is genuine when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Here, a court does not weigh evidence to discern the truth of the matter; it only determines whether there is a genuine issue for trial. *Jesinger v. Nevada Fed. Credit Union*, 24 F.3d 1127, 1131 (9th Cir. 1994). A fact is material when identified as such by substantive law. *Anderson*, 477 U.S. at 248. Only facts that might affect the outcome of a suit under the governing law can preclude an entry of summary judgment. *Id.*

The moving party bears the initial burden of identifying portions of the record, including pleadings, depositions, answers to interrogatories, admissions, and affidavits, that show there is no genuine factual dispute. *Celotex*, 477 U.S. at 323. Once shown, the burden shifts to the non-moving party, which must sufficiently establish the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. But if the non-movant identifies "evidence [that] is merely colorable or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

## III.    Discussion

Defendant seeks summary judgment on all Plaintiff's claims, but neither party states exactly what Plaintiff's claims are with clarity. Plaintiff's Complaint requests a judgment

under 42 U.S.C. § 1981, Title VII, and the Americans with Disabilities Act ("ADA"), to include punitive damages. (Doc. 1 at 8). In the parties' Joint Case Management Report ("Report") Plaintiff states she is bringing claims for "discriminatory harassment" and retaliation under § 1981 and Title VII, as well as a constructive discharge claim (which is not mentioned in the Complaint). (Doc. 15 at 2–3).

The Court finds that Plaintiff has sufficiently indicated that she is bringing claims for hostile work environment and retaliation under § 1981 and Title VII, which are alluded to in the Complaint and discussed in the Joint Case Management Report.

The difficulties arise when considering the allegations of ADA violations and constructive discharge, which may be best described as quasi-claims. The parties do not address the ADA claim in their Report or in the briefing on Defendant's Motion for Summary Judgment. Although Defendant states in its first sentence that it seeks "summary judgment on all claims[,]" (Doc. 49 at 1), Plaintiff's Response makes no argument that the ADA claim survives summary judgment. With so little attention paid to the ADA claim, both in the Complaint and in Plaintiff's Response, the Court is left with the conclusion that Plaintiff has abandoned it. If the Plaintiff herself makes no effort to defend the claim, then the ADA claim "claimant cannot possibly win relief" and so will be dismissed. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). As for the constructive discharge claim, it is simply not pled in the Complaint. Therefore the Court will not consider it because it is not properly pled. *See* Fed. R. Civ. P. 8(a)(2).

Having clarified what Plaintiff's claims actually are, the Court proceeds to evaluate them and will conclude that both survive summary judgment. Then, the Court will turn to Defendant's arguments regarding vicarious liability and punitive damages.

**a. Hostile Work Environment**

The elements of a hostile work environment claim are the same under Title VII and § 1981. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 n.3 (9th Cir. 2008). To prevail, Plaintiff must show she was (1) subjected to "verbal or physical conduct of a racial" nature; (2) " that the conduct was unwelcome; and (3) that the conduct was

sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998). To determine whether such conduct was sufficiently severe or pervasive, courts "look to all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (cleaned up).

Here, Plaintiff alleges that Ms. Campbell's statements and conduct include: (1) calling African Americans "angry, hostile and aggressive[,]" (2) stating that she was trying to "catch" African American students doing something wrong while she monitored security cameras, (3) stating that she kept a "watch list" of "potential terrorists" of Muslim students, (4) calling Plaintiff an "illegal immigrant[.]" (Doc. 54 at 3–4).

The parties dispute whether racial comments directed toward other people can give rise to a hostile work environment claim. Plaintiff argues that "discriminatory comments and conduct *not* personally directed at an employee" may serve as a basis for a hostile work environment claim. (Doc. 54 at 12). Defendant argues that Plaintiff must show she suffered harassing verbal or physical conduct because of *her* race. (Doc. 66 at 7).

The case of *Reynaga v. Roseburg Forest Products* is instructive. 847 F.3d 678 (9th Cir. 2017). There, the Ninth Circuit found that a jury could find that a slew of alleged "explicit racial and national comments" referencing both the plaintiff's race and other races, "would be highly offensive and demeaning to anyone," including the plaintiff. *Id.* at 687–88. The Court, therefore, finds that comments involving both Plaintiff's race and the race of others can serve as the basis for a hostile work environment claim.

In so finding, the Court acknowledges Defendant's citation to *Manatt v. Bank of America, NA*, in which the Ninth Circuit stated that a hostile work environment claim must show the comments and conduct must be made "because of [a plaintiff's] race . . . ." 339 F.3d 792, 798 (9th Cir. 2003). But this statement of the claim's elements was narrowly tailored to the facts of the case, and subsequent decisions form the Ninth Circuit have not

repeated the elements in this way. *See e.g., Reynaga*, 847 F.3d at 686 (stating that a plaintiff need only show she was "subjected to verbal or physical conduct of a racial . . . nature").

Defendant also argues that these comments, as well as the conduct exhibited by Ms. Campbell, are "incidents of rudeness or insensitivity" that cannot give rise to an actionable hostile work environment claim. (Doc. 66 at 7). Certainly, the Court is aware that rude and insensitive behavior may not give rise to a hostile work environment. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). Here, however, there are sufficient instances of comments and conduct such that a reasonable jury could find a hostile work environment.

**b. Retaliation**

Title VII and § 1981 also share the same elements for a claim of retaliation, which that Plaintiff (1) engaged in a protected activity, (2) suffered an "adverse employment action," and (3) that a "causal link" exists between the two. *Surrell v. California Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).

Plaintiff argues that she engaged in a protected activity when she complained about Ms. Campbell's conduct to Defendant and to the EEOC. (Doc. 54 at 13). As a result, she claims to have suffered adverse employment actions including: (1) the "temper tantrum" that Ms. Campbell threw, (2) rude treatment in general by Ms. Campbell, (3) accusations by Ms. Campbell that Plaintiff was failing in her duties, and (4) when Ms. Campbell ate a "nut bar" and disposed of it at Plaintiff's desk, which caused Plaintiff to have an allergic reaction. (Doc. 54 at 14–15).

Defendant argues that Ms. Campbell's actions are not the type of conduct that constitutes an adverse employment action. But the Court disagrees. While it is true that "[n]ot every insult or harassing comment will" give rise to an adverse employment action, the Ninth Circuit that harassing behavior may be actionable when it is "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (quoting

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).

Here, the Court is persuaded that the incident involving the nut bar gives rise to harassment. Plaintiff's deposition testimony claims that Ms. Campbell knew that she was allergic to nuts and that, after Plaintiff submitted a complaint to Defendant, Ms. Campbell stood over Plaintiff's desk, took a bite of the bar, threw the wrapper away in the trash and started "trying to type" on Plaintiff's laptop. (Doc. 58-4 at 12). Plaintiff suffered an allergic reaction and "ended up going to urgent care . . . ." (*Id.*)

Defendant argues that Plaintiff fails to establish that her complaint was the cause of this action. But the Court finds otherwise. A causal link may be inferred from "proximity in time" between when a plaintiff engaged in a protected activity and the adverse employment action. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987). Both Plaintiff's complaint to Defendant and the incident with the nut bar are claimed to have happened in the same month. (Doc. 58-4 at 12). This is close enough to create a genuine issue of fact as to causation. The Court finds that there are genuine disputes of material facts such that summary judgment is not appropriate on Plaintiff's retaliation claim.

Having found that Plaintiff's claims survive summary judgment, the Court turns to Defendant's remaining arguments regarding vicarious liability and punitive damages.

### c. Vicarious Liability

Defendant argues that it cannot be held vicariously liable for Ms. Campbell's actions. Under Title VII claims, an employer's liability depends on whether the harassing employee is the victim's co-worker or supervisor. *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013). If the harasser is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions. *Id.* If the harasser is a supervisor, only then is an employer vicariously liable for the harasser's actions. *Id.* at 431. A supervisor is one whom "the employer has empowered" to "take tangible employment actions" against the victim, such as hiring, firing, and the significant reassignment of duties." *Id.*

Defendant argues that Plaintiff has "failed to assert any theory of vicarious liability against" Defendant and so should be "precluded" from holding it liable for Ms. Campbell's

conduct. (Doc. 49 at 8). (Doc. 54 at 15). Defendant also argues that Ms. Campbell is not a supervisor because she "did not take any tangible employment actions against Plaintiff." (Doc. 49 at 8).

The Court finds that whether Defendant is vicariously liable, as opposed to only liable for its own negligence, remains an issue for the jury. The Complaint alleges that Ms. Campbell was Plaintiff's "direct supervisor[.]" (Doc. 1 at ¶ 11). It also alleges that Defendant failed to conduct a proper investigation after she filed her complaints regarding Ms. Campbell's behavior. (*Id.* at ¶¶ 54, 64). From these allegations, Plaintiff plausibly alleges a theory of vicarious liability. And although Defendant argues that it cannot be vicariously liable because there is no evidence that Ms. Campbell actually took a tangible employment action against Plaintiff, this argument misconstrues the test for liability, which is whether Ms. Campbell was *empowered* to take tangible employment actions, not whether she actually did. *See Vance*, 570 U.S. at 431. The jury will determine whether Ms. Campbell is a supervisor or a co-worker, which will, in turn, determine whether Defendant is vicariously liable.

### d. Punitive Damages

Finally, Defendant argues that the Court should find there is no evidence showing that Defendant is liable for punitive damages. Punitive damages are available under Title VII if Plaintiff shows the employer acted "with malice or with reckless indifference" to Plaintiff's rights. 42 U.S.C. § 1981a(b)(1). Plaintiff argues that Defendant acted with reckless indifference, but she cites to no evidence in support of this position. (Doc. 54 at 18). Elsewhere in the Response, Plaintiff argues that the individual who conducted Defendant's investigation of Plaintiff's claims "admitted that he could *not* be certain" that Plaintiff's claims were "invalid . . . ." (Doc. 54 at 8). For support, Plaintiff cites to deposition testimony, which shows an investigation was conducted but that Plaintiff's complaints could not be corroborated. (Doc. 54-2 at 22). This does not suffice to show a genuine dispute as to whether Defendant acted with reckless indifference. The Court will grant Defendant's request to grant judgment in its favor on Plaintiff's punitive damages

claim.

IV. **Conclusion**

The Court denies Defendant's Motion for Summary Judgment, except that the Court will enter judgment in Defendant's favor for the claim of punitive damages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 49) is **denied** in part and **granted** in part. There being no just reason for delay, the Clerk of Court shall enter judgment in Defendant's favor for the claim of punitive damages. *See* Fed. R. Civ. P. 54(b).

**IT IS FURTHER ORDERED** that Plaintiff's claim under the Americans with Disabilities Act, is **dismissed**.

**IT IS FINALLY ORDERED** that having resolved the only dispositive motion, the parties shall comply with paragraph ten of the Rule 16 Scheduling Order with respect to notice of readiness for pretrial conference. (Doc. 16 at 7–8).

Dated this 24th day of August, 2022.

Honorable Diane J. Humetewa
United States District Judge